MEMORANDUM DECISION AND JUDGMENT ENTRY.
Defendant-appellant was indicted for one count of drug abuse pursuant to R.C. 2925.11(A). Specifically, the state alleged that appellant knowingly used or possessed psilocybin mushrooms in an amount less than or equal to the bulk amount. Appellant filed a motion to suppress alleging that the police had obtained the mushrooms as result of a search and seizure that violated his Fourth Amendment rights.
At the hearing on the motion to suppress, appellant testified that he and some of his coworkers were occupying a motel room. After someone informed him that a police officer was looking at his van in the parking lot, he looked out the window. The police officer saw him and walked up to the door of the motel room. As appellant opened the door and attempted to come out of the room, the officer put his foot in the door and did not respond to appellant's request to close the door. Appellant claimed that the officer shoved him back into the room, put handcuffs on him, and arrested him.
Officer David Hoffman of the Blue Ash Police Department testified that he was investigating a report of a hit-and-run accident in which the perpetrator was allegedly intoxicated. As he was driving through the motel parking lot, he saw a van that matched the description given in the report. As he was looking at the van, appellant opened the door and identified himself as the owner of the vehicle. The officer approached the doorway where appellant stood in the threshold with the door wide open. He noticed that two other people were in the room and that appellant smelled of alcohol.
Hoffman asked appellant for his driver's license. Appellant responded, "I don't know if I want to show you my license," but he did admit to driving the van. The officer acknowledged putting his foot in the door because appellant was backing up, holding the door, and refusing to produce his license. The officer denied shoving appellant during this discussion. Upon further questioning, appellant confirmed that the motel room belonged to him.
From the doorway, Hoffman observed a baggie containing what he believed was marijuana and a marijuana pipe on the nightstand. He asked appellant if the marijuana belonged to him. As soon as Hoffman said the word, "marijuana," one of the other individuals in the room bolted for the bathroom. Hoffman then drew his weapon and entered the room. About that time, two other police officers arrived at the scene. While the officers were securing the suspects, Hoffman observed a baggie containing marijuana and mushrooms sitting in plain view in an open suitcase. Appellant later acknowledged purchasing the marijuana and stated that the dealer gave him the mushrooms as a bonus.
The trial court overruled appellant's motion to suppress. Following a bench trial, the court found him guilty as charged. He was appropriately sentenced, and this appeal followed. We havesua sponte removed this case from the accelerated calendar.
Appellant presents two assignments of error for review. In his first assignment of error, he states that the trial court erred in overruling his motion to suppress. He argues that the plain view exception to the warrant requirement does not apply because the police officer was not in a position where he could legally view the object seized. We find this assignment of error to be well taken.
Under the "plain view" doctrine, a police officer may seize an item without a warrant if the initial intrusion leading to the item's discovery was lawful, and the item's incriminating nature was immediately apparent. State v. Waddy (1992), 63 Ohio St.3d 424,442, 588 N.E.2d 819, 833; Cincinnati v. Langan (1994),94 Ohio App.3d 22, 27, 640 N.E.2d 200, 203-204. "It is, of course, an essential predicate to any valid warrantless seizure of incriminating evidence that the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed." Horton v. California (1990), 496 U.S. 128,136, 110 S.Ct. 2301, 2308.
In this case, the police officer acknowledged placing his foot in the motel room door to prevent it from being closed even though appellant was coming outside to talk to him. He engaged in this action before he saw the marijuana and before he had probable cause to arrest appellant. Thus, the officer conducted a seizure that did not fall into any of the narrow exceptions to the warrant requirement, and all of the events that occurred after that time were tainted by that illegal intrusion. See State v. Penn (1991),61 Ohio St.3d 720, 723-724, 576 N.E.2d 790, 793. Consequently, the officer would not have been in a position to see the baggie containing the marijuana and mushrooms sitting on the open suitcase but for the illegal intrusion, and the state cannot justify the warrantless seizure of the evidence under the plain view exception. See id. at 725, 576 N.E.2d at 794; Ohio Dept. ofLiquor Control v. Fraternal Order of Eagles Aerie 2293 (1996),112 Ohio App.3d 94, 97-98, 677 N.E.2d 1254, 1257-1258; State v. Howard
(1991), 75 Ohio App.3d 760, 772-774, 600 N.E.2d 809, 817-818.
The state argues that the officer was merely conducting a search incident to arrest, but nothing in the officer's testimony indicates that appellant was under arrest at the time the officer put his foot in the door. The state also contends that exigent circumstances existed because an individual in the room ran into the bathroom and could have possibly destroyed evidence or retrieved a weapon. But the record clearly shows that those exigent circumstances did not occur until well after the officer had put his foot in the door and engaged in an illegal seizure. Thus, this case is distinguishable from State v. Lushch (Dec. 1, 1994), Cuyahoga App. No. 66395, unreported, cited by the state, in which the court held that exigent circumstances existed because the defendant went in the bathroom, and locked the door, and police officers heard the toilet flush. But, in that case, the police officers obtained consent to enter the hotel room, while here the officer did not.
Accordingly, we hold that the trial court erred in overruling appellant's motion to suppress the evidence obtained from the violation of appellant's Fourth Amendment rights. We sustain his first assignment of error, reverse the judgment of the trial court and remand the case for further proceedings. Additionally, based on our disposition of appellant's first assignment of error, we find his second assignment of error to be moot, and we decline to address it.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment reversed and cause remanded.
 Doan, P.J., Painter and Winkler, JJ.
To the Clerk:
Enter upon the Journal of the Court on June 25, 1999
per order of the Court _______________________________.
Presiding Judge